NOT FOR PUBLICATION                                                                                         CLOSED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

LOUIS WATLEY,                                  :

        Petitioner,           :           Civil Action No. 09-4358 (SRC)

        v.                              :

DONALD MEE, et al.,                      :           **MEMORANDUM OPINION AND ORDER**

        Respondents.       :
_____

       This matter comes before the Court upon Petitioner's letter challenging his conviction on the grounds of prosecutorial misconduct and violation of Petitioner's Brady v. Maryland, 373 U.S. 83 (1963), rights, see ECF No. 28, and it is appearing that:

       On August 26, 2009, Petitioner filed a § 2254 petition challenging his conviction. See ECF No. 1. On September 24, 2010, after advising Petitioner of his rights under Mason v. Meyers, 208 F. 3d 414 (3d Cir. 2000), this Court dismissed the petition and declined to issue a certificate for appealability. See ECF Nos. 2, 21 and 22. Petitioner appealed and, on February 22, 2011, the Court of Appeals also denied him a certificate for appealability. See ECF No. 27. The letter at bar followed challenging his conviction on the aforesaid additional grounds. See ECF No. 28. The letter presents a second and successive § 2254 petition filed without the required leave from the Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A). Therefore, this Court is without jurisdiction to address Petitioner's new claims. Alternatively, the letter could be construed as Petitioner's application for leave addressed to the Court of Appeals. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been

1

brought at the time it was filed." 28 U.S.C. § 1631. Here, the Court of Appeals already denied Petitioner certificate for appealability. In addition, Petitioner has been paroled but failed to advise this Court of his change in address, as Local Civil Rule 10.1 requires. Therefore, this Court finds that it is not in the interest of justice to transfer the letter to the Court of Appeals. However, no statement in this Order shall be construed as: (a) preventing Petitioner from seeking leave from the Court of Appeals on Petitioner's own; or (b) expressing this Court's position that Petitioner's application for such leave, if filed, would be procedurally proper (or improper) or substantively meritorious (or meritless).

**IT IS**, therefore, on this 25th day of April, 2014,

**ORDERED** that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's letter, ECF No. 28, is construed as Petitioner's second and successive § 2254 petition filed without the required leave and, correspondingly, it is dismissed for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED," and serve this Order upon Petitioner by regular U.S. mail.

  s/ Stanley R. Chesler_____
**STANLEY R. CHESLER,**
**United States District Judge**